pltf. ct
Copy mailed to attorneys for
parties by the Court pursuant
to Rule 77 (d) Federal Rules of
Civil Procedures.



U.S. DIST. COURT EAST DIST. WISC.
FILED
MAY 3 1 2005
AT_____O'CLOCK_____M
SOFRON B. NEDILSKY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID L. MILLER,

          Plaintiff,

v.                                Case No. 05-C-185

JOHN DOE (Dodge County Supervisors),
JOHN DOE (Brown County Supervisors),
U.S. SOLICITOR GENERAL,
NANCY (Sheriff Dodge County),
JOHN DOE (Brown County Sheriff),
ATTORNEY GENERAL WISCONSIN
DEPARTMENT OF JUSTICE,
CHRIS VANEVEN HOVEN, BRUCE REYNOLDS,
DENNIS CAVANAUGH, DR. DELGADO,
DR. ARUN PARIHK, DR. HART,
MARC CLEMENTS, STEVE CASPERSON,
BETH DITTMANN, BELINDA CHRUBBE,
CURT JANSEN, CAPTAIN SCHUELLER,
ROBERT WHEELER, GARY ANKARLO,
GEORGE KAMMERER, STEPHEN G. FLECK,
PHIL KINGSTON, GARY R. MCCAUGHTRY,
DR. CHARLES LARSEN, and RN MARY GORSKE,

          Defendants.

## DECISION AND ORDER

Plaintiff David L. Miller, who is incarcerated at Waupun Correctional Institution, filed this *pro se* civil rights action under 42 U.S.C. §§ 1983 and 1985, alleging that the defendants have violated his civil rights. As an initial matter, the court must consider the plaintiff's petition to proceed *in forma pauperis*. However, in doing so, it is necessary to give due regard to the defendants' motions to dismiss. (Docs. # 27 and 31)

## I. IS THE PLAINTIFF BARRED FROM BRINGING THIS SUIT UNDER THE THREE STRIKES PROVISION OF THE PRISON LITIGATION REFORM ACT?

Defendants Brown County Supervisors, Brown County Sheriff, Dodge County Supervisors, and Dodge County Sheriff have filed a motion to dismiss the complaint contending that the plaintiff is barred from bringing this action as he has incurred three "strikes" under the Prison Litigation Reform Act.

Inasmuch as the complaint has not been screened pursuant to 28 U.S.C. § 1915A, it is peculiar that any defendants have appeared at this stage. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) ("Prisoners' complaints are reviewed under 28 U.S.C. § 1915A and not filed (nor are the defendants notified and served with process) until the district judge finds that they pass the statutory screen"). In any event, whether the plaintiff has three strikes needs to be addressed because it affects whether he may proceed *in forma pauperis*.

Under the Prison Litigation Reform Act of 1996 (PLRA), Pub. L. 104-134, Title VIII, 110 Stat. 1332, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), courts must tally those prisoner actions which have been dismissed on any of the three enumerated grounds before and after the enactment of the PLRA. *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998).

2

The moving defendants contend that the plaintiff has suffered three dismissals as described in § 1915(g) and that as a result the complaint failed to state a claim and must be dismissed. They submit that these accumulated strikes occurred in:

1. *Miller v. Belgado, et al.*, Case No. 01-C-887 (E.D. Wis.);
2. *Miller v. Blasczyk*, Winnebago County Case No. 00-CV-689; and
3. *Miller v. Bartow, et al.*, Winnebago County Case No. 00-CV-847.

(Defs.' Br. at 2.)[1]

However, even the three strikes provision does not speak to whether the complaint states a claim. It simply provides that a prisoner may not proceed *in forma pauperis* after accumulating three strikes. 28 U.S.C. § 1915(g). Additionally, the defendants count two Winnebago County cases as strikes. However, under the PLRA, dismissals only count as strikes if they were imposed in a "court of the United States." 28 U.S.C. § 1915(g). In 28 U.S.C. § 451, "court of the United States" is defined as "the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title . . . and any court created by Act of Congress . . . ." State and local courts do not fall within this definition. *Freeman v. Lee*, 30 F. Supp. 2d 52, 54 (D.D.C. 1998). Consequently, the dismissal of the plaintiff's Winnebago County actions does not qualify as strikes.

## II. SCREENING OF THE COMPLAINT

The plaintiff is required to pay the statutory filing fee for this action. 28 U.S.C. §1915(b)(1). He has been assessed and paid an initial partial filing fee of $1.62.

---

[1] The court's own records indicate that the plaintiff has accumulated two strikes: (1) *Miller v. Belgado, et al.*, Case No. 01-C-887 (E.D. Wis.), dismissed on January 22, 2002; and (2) *Miller v. ABC Inc., et al.*, Case No. 02-C-111 (E.D. Wis.), dismissed on January 31, 2002.

3

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

4

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: (1) that they were deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The complaint in this case alleges a far-reaching conspiracy and "insurrection" to deprive the plaintiff of his rights under federal law and the United States Constitution. According to the complaint, the United States Supreme Court denied the plaintiff *certiorari* relief in case numbers 02-9211, 02-9220, and 02-9212 "and thus upheld a fundamental miscarriage of justice by allowing my conviction to stand on unconstitutional Ex Post Facto Law." (Compl. ¶¶ IV.A.1-2.) The Court's "abuse of discretion on erroneous view of law supports the insurrection of the State of Wisconsin, not applying state law equally, allowing them to violate Federal law and the U.S. Constitution." (Compl. ¶ IV.A.3.) This complaint

5

further asserts that the Supreme Court dismissed case number 02-1074 as malicious, even though it was not malicious or frivolous. (Compl. ¶ IV.A.4.)

United States District Judge Lynn Adelman, of this court, presided over all of these cases, and the plaintiff alleges that Judge Adelman was biased and should have recused himself. Moreover, the plaintiff alleges that "political interest" was involved because President Clinton appointed Judge Adelman at the request of Russell Feingold. According to the plaintiff:

> Russell Feingold has been written about my cases and the miscarriage of justice involved. Consistently he would indicate it was a state issue and not federal therefore he could not do anything about it.
>
> Russell Feingold knowing Wisconsin was in insurrection of not applying state law equally to part of its population, in violation of federal law and U.S. Constitution, knowing a crime was committed against my person did not report it.
>
> Likewise federal law preempts state law when it comes to insurrection thus Senator Russell Feingold joined the ranks of Wisconsin Insurrectors meaning the result of his actions.
>
> Frustrated with Russell Feingold's calling of a federal issue a state issue, after his office was attacked with anthrax, I took one of his letters and scribbled angry comments on it and sent it to him. This was in 2001 after 9-11 and during the course of my criminal appeal before Judge Lynn Adelman.
>
> Judge Lynn Adelman by not giving me redress by law, where ex post facto application was involved, and offense was clearly aggravated in enormity by punishment, thus knowingly allowed a miscarriage of justice to stand on void judgement and thus joined his friend Russell Feingold in support of Wisconsin a state in insurrection.

(Compl. ¶¶ IV.A.7-11.)

The plaintiff alleges that President Clinton "had a pardon request before him in 2000-2001 as he was going out of office." (Compl. ¶ IV.A.12.) He goes on to explain the charged conspiracy and insurrection as follows:

6

> During his terms in New York a[n] air plane was shot down over the harbor. The next day a video was released showing a green-yellow light racing toward the plane. FBI is aware of this.
>
> I had wrote the FBI indicating I thought it was terrorism.
>
> My reasoning for this was airplane fuel oxidizes red-orange and nothing on that plane would oxidize green-yellow but our old stockpile weapons did not I indicated this to FBI.
>
> I also told President George Bush I had a pardon before President Bill Clinton, and I feared that my contacting the FBI about this might cause him not to pardon me, and I then asked him to consider me for pardon if he did not pardon me.
>
> In the recent past it was reported on the news that FBI indicated what people saw was air plane fuel in the wing vents before explosion.
>
> Since FBI Experts know that air plane fuel oxidizes red-orange it was their intent to cover up this incident, and thus meaning the result of their actions, and thus U.S. courts not giving me redress, by example, serves the same purpose that U.S. law enforcement employees have demonstrated; to cover up, so what I know is not leaked to the public, achieving the same result by their actions as fellow knaves in the service of the U.S. Therefore I have become a political prisoner. In violation of International Law.
>
> U.S. 7th Cir. Chicago Ill. Justices John L. Coffey, Frank H. Easterbrook, William J. Bauer, Richard A. Posner, Terrance T. Evans and others (et al), supported the insurrection of Wisconsin not applying state law equally, allowing violation of federal law and the Constitution.
>
> U.S. Sct. Justices, 7th Cir. Justices and Judge Lynn Adelman Eastern Wisconsin, including others mentioned previously and hereafter by not giving me redress and allowing a miscarriage of justice by Ex Post Facto law have supported insurrection and are in violation of international law.

(Compl. ¶¶ I.V.A.13-20.)

The plaintiff alleges that he has attempted to commit suicide approximately ten times due to the distress of his unlawful incarceration. He wrote President Bush in 2000-2001 and indicated that he was unlawfully incarcerated. The plaintiff also asserts:

7

> I indicated that my DA William Griesbach in Brown Co 91CF163 had been appointed in a change of venue case by Jerry Lang, Oshkosh Court Administrator (related to Tommy Thompson his former Secretary of Health); the case involved a drunk driving murder by a Oshkosh cop. Jerry Lang knew William Griesbach's family from Manitowoc being a county which he also administrates.
>
> The cop's case got over turned and I indicated foul play.
>
> President Bush then appointed William Griesbach to a federal bench in Green Bay WI sometimes later, actually creating a new federal court.
>
> As if to reward him for him conviction of me, and the helping of a relative of Tommy Thompson, thus creating prejudice and bias, and his actions reflecting back on me with political oppression. Meaning the results of his action he has also supported Wisconsin's Insurrection not applying equally state law allowing federal law and U.S. Constitution to be violated. His executive office having the authority to stop insurrection by whatever means necessary, but has not done so, thus the U.S. shows no initiative to stop my oppression and I am in imminent danger because this has created the impression that state authorities can do what they want to me, deny treatment physically and mentally and be held in continued isolation without retort.

(Compl. ¶¶ IV.A.28-31.)

In November 2000, Officer Rick Pearson of the Secret Service "was here to see me about a threat on the President's life from without." (Compl. ¶ IV.A.32.) The plaintiff indicated "that after Timothy McViegh's execution it would be imminent that attacks in America would begin by Muslim Factions and I offered my help." (Compl. ¶ IV.A.33.) The plaintiff "began to be treated like a terrorist" and "[p]rison officials began to threaten my life." (Compl. ¶ IV.A.34.)

The plaintiff concludes:

> The Wisconsin Legislature legislated a statute which gets state employees out of very serious crimes. Even murder, and all other Felony offenses apply because all state laws are made by State law.

8

> Establishing this intent, the Wisconsin legislature would not repeal this statute when it was presented to them, thus it was never intended to be applied equally.
>
> The state is trying to hide what it is doing with this statute. In 1990 3 guards murdered a black man here at Waupun Corr. Inst. They went up on Murder Charges. Venue was changed and their charges were dropped to Misdemeanors.
>
> The State will not produce this record although in formation was requested many times, and Dodge Co DA Bauer would not bring Mandamus, abusing his discretion because I must proceed under imminent danger and for record that is not going to happen.
>
> Such important private interest politically puts me in imminent danger of bodily harm or loss of life.
>
> President Bush's appointments to Judicial Bench of Justice Griesbach and Justice Sykes got no opposition from Wisconsin Legislature. A rational relationship can be drawn by my complaints that involved William Griesbach to President Bush, and my complaints against Wisconsin Legislature. President Bush got opposition to his appointments everywhere but in Wisconsin. Thus the President has motive not to intercede stopping State insurrection. Collectively U.S. employees and State employees have conspired to allow insurrection, this being established. They mean the result of their actions and this rational relationship has violated international law, and all are involved in the conspiracy.

(Compl. ¶¶ IV.A.39-44.)

Attacks on the fact or duration of confinement must be brought under 28 U.S.C. § 2254, the habeas corpus statute. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Hence, a prisoner may not bring an action under § 1983 if his suit calls into question the lawfulness of his confinement, unless his conviction has first been reversed or otherwise invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-76 (1994). The complaint before the court makes clear that the plaintiff's conviction(s) have not been overturned and therefore, to the extent the plaintiff argues that he is incarcerated in violation of federal law, his claim is barred under the rule set forth above.

However, there is another reason for dismissing this complaint. A district court may dismiss a claim when it is based on allegations that are "obviously and knowingly false." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir.2002). A suit may be dismissed "because the facts alleged are so . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Id.* (citing, e.g., *Lee v. Clinton*, 209 F.3d 1025, (7th Cir. 2000); *Bilal v. Driver*, 251 F.3d 1346 (11th Cir. 2001); *Lawler v. v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990)). In other words, "no evidentiary hearing is required in a prisoner's case (or anyone else's, for that matter) when the factual allegations are incredible." *Gladney*, 302 F.3d at 774 (citations omitted).

This standard is met in this case. The plaintiff's allegations that he is unlawfully incarcerated due to a conspiracy implicating federal judges, past and former presidents, a senator, and various other individuals, are fantastic and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Consequently, this case may not proceed. *Gladney*, 302 F.3d at 775 (citing *Okoro v. Bohman*, 164 F.3d 1059, 1062-64 (7th Cir. 1999) ("a frivolous suit does not engage the jurisdiction of the district court"). *See also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

Following the Statement of Claim section of the complaint is a section titled "Imminent Danger." Most of the allegations in this section are frivolous. For example, the plaintiff explains that "frivolous strikes" he received in previous cases should be removed. (Compl. ¶¶ IV.B.13-28.)

Lastly, plaintiff contends that prison officials have failed to treat his medical needs adequately. (Compl. ¶¶ IV.B.1-10, 31-54.) Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is

10

proscribed by the Eighth Amendment. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). Even so, allegations regarding this issue indicate that the plaintiff received care for his medical needs. The complaint describes in detail visits by doctors and nurses and the treatment they prescribed. The upshot of these assertions is that the plaintiff disagrees with his care givers. However, disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97 (1976). *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). That being so, the plaintiff provides no arguable basis for relief and fails to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

### III. REMAINING MOTIONS

Numerous motions remain. All will be denied. Nonetheless, the plaintiff's motion to dismiss the complaint warrants a few comments. This motion, in the form of a letter, filed May 24, 2005, and addressed to U. S. Magistrate Judge William Callahan, argues that Judge Callahan must recuse himself from further consideration of this case because of bias or prejudice. The plaintiff states:

> NOTE THIS IS NOT A VICTORY THE FIGHT HAS JUST BEGUN! BECAUSE OF EXTREME PREJUDICE I MUST VOLUNTARY DISMISS THIS CASE AND GO TO DIST. OF COLUMBIA. I WILL NOT GET REDRESS HERE AND CONTINUE DELAY AND HARASSMENT WILL OCCUR.

Rule 41(a) Fed. R. Civ. P. provides that a plaintiff acting alone may dismiss an action by filing a notice of dismissal prior to the filing of an answer or summary judgment motion.

11

Here, defendants Brown County Supervisors, Brown Count Sheriff, Dodge County Supervisors and Dodge County have responded to the complaint and have asked that it be dismissed. Fed. R. Civ. P. 12(b)(6). Because their motion relies on matters outside the complaint, the motion is treated as a motion for summary judgment. As a consequence, the plaintiff may not dismiss this action unilaterally under Fed. R. Civ. P. 41(a) without prejudice. A contrary finding would encourage the plaintiff to institute another futile action repeating the charges set forth above. Now, therefore,

**IT IS ORDERED** that the plaintiff's request to proceed *in forma pauperis* be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $148.38 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the

12

amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order of injunction - mental and physical health treatment (Docket #4) be and hereby is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order of injunction to expunge record and repeal (Docket #5) be and hereby is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to vacate (Docket #6) be and hereby is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint experts (Docket #7) be and hereby is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for order of injunction to restrain from taking funds (Docket #9) be and hereby is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to change venue (Docket #10) be and hereby is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for order of injunction - extradition/asylum (Docket #11) be and hereby is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for order of injunction to waive service (Docket #12) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order of injunction to waiver service exhaustive remedies (Docket #13) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for protective custody placement (Docket #20) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for temporary restraining order (Docket #22) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend/correct complaint (Docket #23) be and hereby is DENIED.

**IT IS FURTHER ORDERED** that the plaintiff's motion for discovery (Docket #24) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order re process of service (Docket #25) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss complaint (Docket #27) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' amended motion to dismiss complaint (Docket #31) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for discovery (Docket #35) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the defendants' motion for protective order (Docket #39) be and hereby is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend/correct parties (Docket #46) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #49) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Docket #60) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay (Docket #66) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order to have a John Doe Investigation (Docket #67) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend parties (Docket #77) be and hereby is **DENIED AS MOOT**.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bona fide arguments supporting his appeal.

**SO ORDERED** this 31st day of May 2005, at Milwaukee, Wisconsin.

BY THE COURT:

C. N. CLEVERT, JR.
United States District Judge